```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                    BECKLEY DIVISION
```

**MIGUEL QUINONES,**

    **Plaintiff,**

v.                                    Civil Action No. 5:04-1325

**THOMAS MCBRIDE, Warden,**
**Mount Olive Correctional Complex**,

    **Defendant.**

<u>**MEMORANDUM OPINION**</u>

    Pursuant to the court's order of September 22, 2005, in which the court overruled both petitioner's objections to Magistrate Judge R. Clarke VanDervort's Proposed Findings and Recommendation [hereinafter "Findings and Recommendation" or "F & R"], confirmed and accepted the F & R, and indicated that an explanatory memorandum opinion would follow forthwith, the court now issues its memorandum opinion.

    On December 20, 2004, petitioner filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus. By Standing Order entered on July 21, 2004, this case was referred to United States Magistrate Judge R. Clarke VanDervort for proposed finding and recommendation as to disposition.

    On August 29, 2005, the Magistrate Judge entered his Proposed Findings and Recommendations as to petitioner's motion for injunctive relief and amended motion for preliminary injunction (Docket Nos. 2 & 23). In the F & R, the magistrate

judge proposed that the district court deny petitioner's motions for injunctive relief and refer this case back to the magistrate for consideration of defendant's motion to dismiss.

On September 20, 2005, petitioner filed a number of objections to the magistrate judge's findings. For the reasons discussed below, the court overruled petitioner's objections in its previous order and ordered that this case be remanded to the magistrate for further proceedings.

## A. Factual Background

Petitioner Miguel Quinones is a West Virginia state inmate currently housed at Mount Olive Correctional Complex ("MOCC"). In his petition, Quinones claims MOCC officials have violated his First, Eighth, and Fourteenth Amendment rights and several state code provisions during the course of his incarceration. Specifically, Quinones alleges that MOCC has an unlawful library system that has effectively denied him access to the courts. He also indicates that prison officials have denied him access to books and mail.

Quinones next argues that MOCC officials have subjected him to atypical hardships in their placement of him into administrative segregation ("Ad-Seg"). Quinones indicates that placement into Ad-Seg results in an inmate being denied privileges including access to programs and administrative

services.  Further, Quinones alleges that MOCC officials violated his Fourteenth Amendment right to due process when they refused to give him a hearing to determine if he was actually a risk to the institution.  Quinones states that he has liberty interests and property entitlements in not being placed in Ad-Seg.

In his motion for injunctive relief, Quinones requests to "be transferred to another secured facility pending the outcome of the proceedings to protect him from retaliation by the defendants, which has been an ongoing issue."  Specifically, plaintiff argues that he has been subjected to numerous retaliations as the result of filing civil actions including placing plaintiff in Ad-Seg.

In his proposed findings and recommendation, the magistrate judge found that Quinones's requests for injunctive relief must fail because his allegations cannot meet two prongs of the four-part standard for the issuance of injunction provided in Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189, 196 (4th Cir. 1977).  Specifically, the magistrate judge found that Quinones's allegations fail because he cannot establish that he will suffer irreparable harm if injunction does not issue or a likelihood that his claims will succeed on the merits.  (See Docket No. 27 at 7.)

Plaintiff objects to the findings of the magistrate judge for a number of reasons. First, plaintiff objects to the findings of the magistrate's findings that petitioner's claim is to be handled under 42 U.S.C. § 1983 and not under 28 U.S.C. § 2254.[1] (Obj. at 2.) Plaintiff's second objection is that the magistrate ignored his claim that he was denied hearing rights in violation of the Supreme Court's decision in Wolff v. McDonnell, 418 U.S. 539 (1974). Plaintiff's third objection is a conclusory allegation that the magistrate judge ignored evidence in reaching his decision that would have required him to decide for plaintiff. (Id. at 3-4.) Plaintiff's fourth objection is that the magistrate judge disregarded plaintiff's motion for the appointment of counsel in this case. (Id. at 4.) Plaintiff's final objection is that the magistrate judge erred when he never discussed the issue of whether placing plaintiff in administrative segregation was unconstitutional. (Id. at 5.) The court addresses these objections in turn.

### B. Analysis

The Fourth Circuit dictates that the district court must balance the hardships likely to befall the parties if the injunction is, or is not, granted in considering whether to issue

---

[1] Subsumed in this objection is an allegation that the magistrate judge is abusing his authority to extract the $150 filing fee required to file an action under 42 U.S.C. § 1983. (See id.)

-4-

an injunction.  Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189, 196 (4th Cir. 1977).  Factors the district court is to consider include:

> (1) the likelihood of irreparable harm to the plaintiff if preliminary injunction is denied;
> (2) the likelihood of harm to the defendant if the requested relief is granted;
> (3) the likelihood that the plaintiff will succeed on the merits; and
> (4) the public interest.

See Manning v. Hunt, 119 F.3d 254, 263 (4th Cir. 1997). Consideration of the first two factors is the first step in the analysis.  Blackwelder, 550 F.2d at 196.  If the district court concludes that the balance of the hardships favors the plaintiff, it is enough that grave or serious questions are presented . . . plaintiff need not show a likelihood of success."  Id.

Plaintiff's first objection is that his claim should be handled under 28 U.S.C. § 2254 and not under 42 U.S.C. § 1983.  A habeas corpus petition is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement.  See Presier v. Rodriquez, 411 U.S. 475, 498-99 (1973), including challenges to prison disciplinary proceedings that affect the length of confinement, such as deprivation of good-time credits.  Muhammad v. Close, 540 U.S. 749, 750-751 (2004); Edwards v. Balisok, 520 U.S. 641, 644-45 (2005).  Here, petitioner has not alleged that the results of the allegedly flawed disciplinary hearing jeopardize his date of release; instead, petitioner's challenge

-5-

is to the conditions under which he is confined.  Further, petitioner's success in a § 1983 action here would not call into question his underlying conviction: it would just imply that the conditions under which he was placed in Ad-Seg were flawed.  <u>See</u> <u>Heck v. Humphrey</u>, 512 U.S. 477, 487-88 (1994).  Plaintiff is challenging the conditions under which he is confined, not the fact or duration of his confinement entirely.  As such, plaintiff's objection regarding the magistrate judge's decision to treat plaintiff's petition under 28 U.S.C. § 2254 as an action under 42 U.S.C. § 1983 is OVERRULED.

Petitioner's second objection is that the magistrate ignored plaintiff's claim that he was denied hearing rights in violation of the Supreme Court's decision in <u>Wolff v. McDonnell</u>, 418 U.S. 539 (1974).  The court's review of the magistrate judge's findings and recommendation leads it to the conclusion that this was not the case.  The magistrate judge did not ignore plaintiff's argument, he only decided that plaintiff was not likely to prevail on this claim.  (<u>See</u> Docket No. 27 at 13.)  The magistrate judge has not recommended dismissal of this claim.  He recommended that this undersigned refer this case back to him for further treatment regarding all of plaintiff's claims excepting his two requests for injunctive relief.  Here, the magistrate judge found only that plaintiff is unlikely to win this claim in the context of conducting analysis under <u>Blackwelder</u>.

Having reviewed the record, applicable statues, and case law, the court is unaware of any case applying Blackwelder where a court granted injunctive relief of the sort requested by plaintiff in a context similar to this one.  Many prisoners allege that their rights under Wolff were violated and few win.  The magistrate judge conducted an appropriate analysis of plaintiff's claim given the context and concluded that plaintiff would more likely than not lose this claim in the end because Ad-Seg did not amount to an "atypical hardship in relation to the ordinary incidents of prison life."  In reaching this decision, the magistrate judge was guided by Sandin v. Connor, 515 U.S. 472, 483-84 (1995), obviously precedent that binds this court.  The magistrate judge's legal conclusions were appropriate.

Indeed, in Taylor v. Freeman, 34 F.3d 266, 268 (4th Cir. 1994), the Fourth Circuit cautioned district courts from intervening excepting on the most exceptional circumstances in the management of state prisons.  The Fourth Circuit cautioned that to do so is only to substitute the judgment of the courts for that of trained penological authorities.  Id.  Given this decision, granting plaintiff's request for injunctive relief relative to his Wolff claim would be manifestly inappropriate.  As such, plaintiff's second objection is accordingly OVERRULED.

Plaintiff's third objection is that the magistrate judge "ignored evidence" that would require him to decide in

plaintiff's favor regarding his request for injunctive relief. This court need not conduct a de novo review when a petitioner "makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Petitioner's third objection is general and conclusory in that it points to no specific error in the magistrate judge's recommendation, and the court believes that it would likely have not been made had petitioner understood that the magistrate was only denying his request for injunctive relief and not his complaint in its entirety. As such, petitioner's third objection is OVERRULED.

Plaintiff's fourth objection is that the magistrate judge disregarded plaintiff's motion for appointment of counsel in this case. 28 U.S.C. § 1915(e)(1) does not authorize federal courts to require attorneys to represent indigent litigants in civil cases. See Mallard v. United States District Court, 490 U.S. 296, 309 (1989). The court has only the ability to request an attorney represent plaintiff. Id. at 310. Because plaintiff never set forth any exceptional circumstances that demonstrate the need for an attorney in this case, the magistrate judge acted appropriately in not requesting counsel to assist plaintiff. Accordingly, plaintiff's fourth objection is OVERRULED.

Plaintiff's final objection is that the magistrate judge erred in his determination that placing plaintiff in administrative segregation was unconstitutional.  As the court discussed above, the magistrate judge never actually decided this question.  Instead, as he was dictated to do under <u>Blackwelder</u>, the magistrate judge found that plaintiff was not likely to prevail on his claim.  (<u>See</u> Docket No. 27 at 8-11.)  Having reviewed the findings of the magistrate judge, the court finds that the magistrate judge's findings are appropriate given this context.  Plaintiff is unlikely to prevail on his claim that his placement in Ad-Seg was unconstitutional in light of the Fourth Circuit's decision in <u>In re Long Term Administrative Segregation of Inmates Designated as Five Percenters</u>, 174 F.3d 464, 472 (4th Cir. 1999), <u>cert. denied</u>, <u>Mickle v. Moore</u>, 528 U.S. 874 (1999).  In this case, the court held that limitations more extreme than those alleged by plaintiff were not unconstitutional.  <u>Id.</u>

Given this decision, the magistrate judge's conclusion that plaintiff was not likely to prevail on his underlying claim was appropriate.  As such, plaintiff's final objection is OVERRULED.

### C.  Conclusion

For the reasons discussed above, the magistrate judge's decision was well-reasoned and supported by case law. Petitioner's objections are accordingly OVERRULED.

The Clerk is directed to forward a copy of this Memorandum Opinion to the petitioner, pro se, and to all counsel of record.

IT IS SO ORDERED this 22nd day of September, 2005.

ENTER:

*David A. Faber*

David A. Faber
Chief Judge